1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11   DAVID KOGOK, individually and on behalf )   Case No. 13cv838-BEN (BLM)
     of all others similarly situated, et al.    )
12                                               )   **ORDER (1) DENYING DEFENDANT'S**
                         Plaintiff,              )   ***EX PARTE* APPLICATION TO STAY**
13                                               )   **STATE COURT DISCOVERY ORDER;**
     v.                                          )   **(2) DENYING DEFENDANT'S**
14                                               )   **REQUEST TO INCLUDE COUNSEL**
     T-MOBILE USA, Inc. AND DOES 1 through )   **FOR RELATED CASE IN ENE; (3)**
15   300,                                        )   **DENYING DEFENDANT'S REQUEST**
                                                 )   **TO CONTINUE ENE; AND (4)**
16                       Defendants.             )   **VACATING ENE AND SETTING CASE**
                                                 )   **MANAGEMENT CONFERENCE**
17                                               )
                                                 )   **[ECF No. 11]**
18   _____ )

19          Currently before the Court is Defendant's *ex parte* application to stay state court

20   discovery, include counsel for related case in the Early Neutral Evaluation Conference

21   ("ENE"), and continue the ENE [ECF No. 11 ("Def.'s Mot.")] and Plaintiffs' opposition to the

22   motion.  ECF No. 12 ("Oppo.").  For the reasons set forth below, Defendant's motion is

23   **DENIED**.

24                                      **BACKGROUND**

25          This matter was removed to this Court on April 5, 2013 from the Superior Court of

26   the State of California, County of San Diego.  ECF No. 1.  The case, which was originally

27   filed on June 12, 2012, is a class action case alleging several causes of action against

28   Defendant stemming from Defendant's alleged failure to properly pay its California based

1   Retail Sales Associates ("RSAs").  Id. at 6-7.  The class includes current and former

2   California RSAs from June 12, 2008 through the time of trial.  Id. at 7.  Defendant

3   attempted to remove the matter to federal court on July 13, 2012, but "the Court *sua*

4   *sponte* ordered the case remanded to state court."  Id.  Plaintiff filed an amended complaint

5   on April 2, 2013 adding two named Plaintiffs and five additional claims.  Id. at 7-8.

6   Defendant successfully removed the case three days later.  Id.

7          Prior to Defendant's removal, the matter was litigated in state court for

8   approximately ten months.  During that time, the state court judge, the Honorable Steven

9   R. Denton, issued several orders relating to discovery in this matter.  Def.'s Mot. at 4;

10  Oppo. at 3.  One of those orders required Defendant "to produce to Plaintiffs' counsel, a

11  list of all putative class members' names and personal contact information who did not opt-

12  out of such disclosure" by April 24, 2013.  Def.'s Mot. at Sherr Declaration at 2; see also Id.

13  at 11-2, Exh. A; and Belong Declaration at 1.  Defendant did not produce the list.

14         On April 8, 2013, the Court issued a Notice and Order for Early Neutral Evaluation,

15  setting an ENE for May 17, 2013.  ECF No. 3.  On April 12, 2013, Defendant filed a motion

16  to dismiss for failure to state a claim that was taken under submission on May 8, 2013.  ECF

17  Nos. 4 & 13.  On May 6, 2013, Defendant filed the instant *ex parte* motion.  Def.'s Mot.

18  Plaintiff filed an opposition on May 7, 2013.  Oppo.

19                                    **DISCUSSION**

20  **A.    LEGAL STANDARD**

21         "[A]fter removal, the federal court takes the case up where the State court left it

22  off."  Jenkins v. Commonwealth Land Title Ins. Co., 95 F.3d 791, 795 (9th Cir. 1996)(citing

23  Granny Goose Foods, Inc. v. Brotherhood of Teamsters Local 70, 415 U.S. 423, 436 (1974)

24  (quoting Duncan v. Gegan, 101 U.S. 810, 812 (1880)); see also 28 U.S.C. § 1450

25  ("Whenever any action is removed from a State court to a district court of the United States

26  … All injunctions, orders, and other proceedings had in such action prior to its removal shall

27

28

1  remain in full force and effect until dissolved or modified by this district court.")[1].  "The

2  federal court ... treats everything that occurred in the state court as if it had taken place

3  in federal court."  Carvalho v. Equifax Information Services, LLC, 629 F.3d 876, 887 (9th

4  Cir. 2010) (citing Butner v. Neustadter, 324 F.2d 783, 785(9th Cir.1963)).  Accordingly,

5  where the state court has entered an order, the order should be treated as though it had

6  been validly rendered in the federal proceeding."  Id. (quoting Butner, 324 F.2 at 785).  The

7  Court does, however, have the authority to dissolve or modify a state court order that was

8  entered prior to removal.  See 28 U.S.C. § 1450.

9  **B.     The State Court Discovery Order**

10         Defendant seeks to have the Court temporarily stay "the March 8, 2013 order

11  entered by Hon. Steven Denton . . . requiring [Defendant] to provide the personal contact

12  information of employees who did not request exclusion from the privacy Mailing ("Contact

13  List") until after the Early Neutral Evaluation."  Def.'s Mot. at 1-2.  In support, Defendant

14  states that a stay will leave Defendant "better able to focus on getting prepared for the

15  upcoming ENE and potential resolution, rather than wasting resources answering what is

16  likely to be numerous inquiries from putative class members after being contacted by

17  Plaintiff's counsel."  Id. at 6.  In further support, Defendant states that if it is required to

18  train its management on how to handle employee inquiries, "it will not have the amount of

19  time required to adequately prepare for the ENE."  Id. at 6-7.  Defendant notes that the

20  Court has the authority to modify a state court discovery order issued prior to removal and

21  argues that a stay will not prejudice Plaintiffs since they have "obtained sufficient discovery"

22  to evaluate their case.  Id. at 7.

23         Plaintiffs contend that "Defendant [has] violated the state court [discovery] order,

24  —————————

25  [1]The Court acknowledges that some courts have held that discovery requests filed in state court do
not constitute "proceedings" within the meaning of 28 U.S.C. § 1450.  See Sterling Savings Bank v. Federal Ins.
Co., 2012 WL 3143909, *2 (E.D. Wash. Aug. 1, 2012) (finding that discovery requests filed in state court prior

26  to removal are not binding in federal court because at the time of removal the Federal Rules of Civil Procedure
control and pursuant to those rules, discovery does not begin until the parties participate in a Rule 26(f)

27  conference)(citing McIntyre v. K–Mart Corp., 794 F.2d 1023, 1025 (5th Cir. 1986)) and (Riley v. Walgreen Co.,
233 F.R.D. 496 (S.D. Tex. 2005) ("[b]y its express terms, Rule 26(d) bars discovery until after the parties have

28  conferred about a discovery plan as directed by Rule 26(f)")).

1    and [that] the removal to Federal Court did not alter [Defendant's] obligation to comply

2    with the court order." Oppo. at 5. In support, Plaintiffs state that it is "black letter law that

3    even after removal to federal court, litigants remain bound to comply with the State court's

4    orders issued prior to removal." Id. Plaintiffs further contend that relief should not be

5    granted since Defendant's time to comply with the state court order has expired. Id. at 7.

6    Plaintiffs argue that Defendant has not satisfied the necessary requirements for its

7    requested relief since it has not shown that it will be "irreparably prejudiced if the

8    underlying motion is heard according to regular noticed motion procedure" or that

9    Defendant is "without fault in creating" the problem for which it is seeking relief. Id.

10   Plaintiffs go on to note that Defendant has not cited any authority for its position and that

11   Plaintiffs will be prejudiced if Defendant's motion is granted because they will have to re-

12   request relief that was already granted by the state court, suffer a delay in the collection

13   of discovery and their ability to assess the value of the case, and lose relevant discovery

14   and witness contact information. Id. at 9-11.

15         Defendant's request to stay the state court discovery order is **DENIED**. The Court

16   has reviewed the discovery rulings and Stipulated Order Regarding Discovery and Neutral

17   Notice to Putative Class Members submitted by the parties [see MTC at Exhibit A; see also

18   Oppo. at Exhibit 1] and finds they are appropriate. The Court acknowledges that Plaintiffs

19   subsequently filed an amended complaint and that Defendant has filed a motion to dismiss

20   several of the claims [see MTC at Exhibit B; see also ECF No. 4], but still finds it appropriate

21   to follow the existing state court discovery orders. In addition, as discussed in the next

22   section, the Court is vacating the ENE so Defendant's concern that it is unable both to

23   prepare for the ENE and comply with its discovery obligations is moot. Finally, as discussed

24   in the next section, the Court is scheduling a case management conference to discuss the

25   case status so any additional issues can be raised during that conference. Accordingly, the

26   Court confirms all discovery orders and deadlines[2] issued or set by the Honorable Steven

27

28         [2]This does not include any future conference dates that may have been set by the state court.

1  Denton, including the order requiring Defendant to produce the Class List by April 24, 2013.

2  If Defendant has not yet complied with Judge Denton's discovery orders, including the

3  order requiring Defendant to produce the Class List, Defendant must do so on or before

4  **May 13, 2013**.

5  **C.      The Early Neutral Evaluation Conference**

6          Defendant seeks the Court's permission to combine the ENE in this case with the ENE

7  in another related matter (Gonzales, 13cv1029-BEN (BLM)) or, in the alternative, to allow

8  Plaintiff's counsel from Gonzales, David Markham, to participate in the ENE for this case due

9  to the "significant overlap of the claims and class members" in the two cases. Id. at 2, 8.

10  Defendant argues that a combined ENE "will lead to a more streamlined, efficient process

11  and will increase the likelihood of settlement as the resolution of either matter will have

12  significant impact on the other." Id. at 4.  Mr. Markham is interested in participating in a

13  joint ENE, but is unavailable on May 17, 2013. Id., fn 1; see also Id. at Sherr Declaration

14  at 3. Accordingly, Defendant asks the Court to continue the ENE for two weeks. Id. at 4,

15  fn 1.

16          Plaintiffs agree that the ENE should be delayed albeit for different reasons. Plaintiffs

17  note that since they have not received the witness list and had the "opportunity to

18  investigate the claims of unpaid commissions," they "cannot possibly enter into meaningful

19  negotiations based on the approximate value of the case." Id. at 8.  Plaintiffs contend that

20  continuing the ENE "makes sense only if (1) Defendant complies with the court Order and

21  immediately produces the Class list, and (2) Defendant permits an inspection and copying

22  of its computerized databases that record and calculate comissionable transactions, as

23  previously ordered by the State court." Id.  Plaintiffs believe those two events are

24  necessary to allow "the parties to be in a position to analyze the value of the case and enter

25  into meaningful settlement negotiations." Id.  Plaintiffs do not address Defendant's request

26  to permit the participation of Mr. Markham in the ENE.

27          Based upon the Court's review of the pleadings in this dispute, as well as the status

28  of discovery conducted in the state proceedings, the pending litigation in this case, and the

1  newly-filed related case, the Court finds it inappropriate to convene an ENE at this time.

2  See CivLR 16.1(c)(1) (explaining that "[t]he judicial officer will hold such conferences as he

3  or she deems appropriate").  Accordingly, Defendant's request to continue the ENE is

4  **DENIED**, Defendant's request to allow Mr. Markham to participate in the ENE is **DENIED**,

5  and the ENE currently scheduled for May 17, 2013 at 9:30 a.m. is hereby **VACATED**.  The

6  Court will hold a telephonic, attorneys-only Case Management Conference ("CMC") on **May**

7  **20, 2013** at **2:00 p.m.**  Counsel should be prepared to discuss the status of discovery, the

8  relationship between this case and the related case, and the state of settlement discussions.

9  The Court will initiate the conference call.

10        Parties are hereby warned that failure to comply with this Order may result in the

11  imposition of sanctions.  Additionally, failure to respond to discovery requests or to comply

12  with the Federal Rules of Civil Procedure regarding discovery may result in the imposition

13  of sanctions including monetary sanctions, evidentiary sanctions and the dismissal or

14  default of your case.

15        **IT IS SO ORDERED**.

16  DATED:  May 9, 2013

17

18  BARBARA L. MAJOR
    United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28